293 P.2d 418

**Arda T. STEIGER, Plaintiff and Appellant,**

**v.**

**Donald A. STEIGER, Defendant and Respondent.**

**No. 8306.**

Supreme Court of Utah.

Feb. 16, 1956.

Stewart, Cannon & Hanson, Salt Lake City, for appellant.

Lawrence J. Barclay, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Plaintiff and defendant were married in 1951 and have one child, a boy, who at the present time is about three years old. Plaintiff brought suit for divorce, alleging mental cruelty as the basis for her action and praying for the custody of the child, reasonable support money for the child, and an award of the equity in a small amount of personal property accumulated by the parties during their marriage. The defendant counterclaimed for a divorce and the custody of the child, waiving contest as to the property. Before the matter came to trial the lower court on an Order to Show Cause awarded temporary custody of the child to the defendant, but allowed plaintiff to have care of him each weekend. After hearing all the evidence in the case, the trial court granted a divorce to defendant, awarding him his costs, and held as to the child:

"* * * That neither defendant nor plaintiff has very good morals and that neither defendant nor plaintiff is a fit parent to have the custody of the minor child of the parties hereto. That the defendant should be awarded the temporary custody of the minor child of the parties hereto upon the condition that said child is left under the supervision of the defendant's mother, Mrs. Eunice Steiger, whom the Court admonishes that she is to teach said child to love his mother, the plaintiff herein. That the plaintiff should be granted the right to take said child with her from Saturday Noon until Monday Morning each week. That the plaintiff should be also granted the right to take said child with her two nights each week for one hour each of said nights. The Statements of the Court are not to be considered prejudicial to a future awarding of the custody of said child to the plaintiff if the change of such custody is warranted."

The plaintiff appeals, alleging error of the court in granting the decree of divorce to the defendant rather than to the plaintiff and also, error in the awarding of custody of the child to the defendant rather than plaintiff. She asserts that although the phraseology of the court indicates that its order is merely a temporary one, the order has the same effect as though it were absolute and leaves her with the burden of coming into court at a later date and proving a change in conditions to warrant a change in custody.

The long record in this case consists of accusations by witnesses patently biased because of close relationship to either plaintiff or defendant and either denials or explanations of the conduct by the parties. Plaintiff admits that her conduct, standing alone, amounted to mental cruelty sufficient to support a divorce action by her husband, but claims that such conduct was provoked by his prior cruelty. Likewise, as we view the record, defendant's behavior, standing alone, would be basis for the court's awarding a divorce to plaintiff on her complaint, but we cannot say that his cruelty was not, at least in some measure, provoked by plaintiff. Neither plaintiff nor defendant was willing, almost from the inception of the marriage, to devote the thoughtfulness and forebearance and assume responsibility necessary to a successful marriage.

Under the principles enunciated in Hendricks v. Hendricks, Utah, 257 P.2d 366, the duty of the trial court, upon his determination that the marriage had been made intolerable by the acts of both parties, was to grant a divorce to the party least at fault. The scales were so evenly balanced in the present case that the trial court was required to make a very difficult decision. Nothing in the record convinces us that he abused his discretion in granting the divorce to the husband in this instance, and this court has often declared itself unwilling to overturn the decision of the court

which observed the demeanor of the witnesses. Lawlor v. Lawlor, Utah, 240 P.2d 271, MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066, Stewart v. Stewart, 66 Utah 366, 242 P. 947.

However, concerning the custody of the child of the parties the trial court apparently awarded custody to the defendant so that the child could continue to receive the care of the paternal grandmother with whom he has spent his daytime hours since 1953, when the plaintiff took a job outside the home. The trial court found that both parents are "unfit" but intimated that should plaintiff correct her past behavior that a change of custody might be granted. Plaintiff's difficulty lies in interpreting just what changes she will have to prove in order to become, in the opinion of the court, a proper person to have custody of her minor son.

█ Stating the case against plaintiff in the strongest possible manner, testimony of witnesses indicated that she (1) drank intoxicating liquors, two or three times to the point of mild intoxication, (2) was frequently seen with a man other than her husband, and (3) was not a good housekeeper. All of this testimony, however, came from defendant's witnesses and was rebutted or explained by plaintiff and her witnesses. Reading the record as a whole, it appears that plaintiff has been in the past careless and indiscreet, but that her love for the child has caused her to work to provide for him, has caused her to spend her free time with him, and care for his needs, and has caused her to fight for his custody. In light of these facts it cannot be said that she is an unfit mother.

█ This court has stated that a divorced mother has no absolute right to the custody of minor children under U.C.A. 1953, 30–3–10, Sampsell v. Holt, 115 Utah 73, 202 P.2d 550, but the policy of our decisions has been to give weight to the view that all things being equal, preference should be given to the mother in awarding custody of a child of tender years, notwithstanding the divorce is granted to the father. Cooke v. Cooke, 67 Utah 371, 248 P. 83; Briggs v. Briggs, 111 Utah 418, 181 P.2d 223. And this view is based upon the oft-stated purpose of the award of custody to provide for the child's best interests and welfare, Walton v. Coffman, 110 Utah 1, 169 P.2d 97.

█ There is no proof in the record that this mother drinks excessively so as to render her unable to properly care for the child, nor is there any evidence of promiscuity. The trial court apparently felt that the child could be provided with a better home than that offered by the plaintiff and made his order so that she would improve the conditions of the house and her associations, but in so doing, he has failed to give proper weight to other factors here involved. The plaintiff's parents are better able to offer financial assistance to plaintiff and the child than are defendant's parents,

and the result of the order is to place two women, defendant's mother and the plaintiff in the position of caring for the child in the manner of a mother at different times, which can only result in confusion for a child so young. Additionally, there is no evidence that the mother has ever neglected the child, athough she has had his sole care while the father was serving in the Army; there is some evidence that the father was somewhat abusive to the child when he did have contact with him, and has been little concerned with the child's welfare.

Under the circumstances, without delineating in full the contradictory evidence on both sides, it appears that the interests of the child would best be served by placing him with his mother under an appropriate order. The plaintiff has not had the custody of her child for over a year, sufficient time for her to have improved the situations which disturbed the trial court's mind. The judgment is reversed as the record does not support the finding that the mother is an unfit parent.

In making the order awarding custody of the child to the defendant, the trial court indicated that it was temporary, and that in his opinion there should be a review thereof at some time in the not too distant future. In the interest of all concerned, it may seem advisable to review the matter in a further hearing, by proper procedure, to determine the present situations of the parties and what will subserve the best interests and welfare of the child, which are always the paramount considerations in these cases, Walton v. Coffman, supra. Costs to appellant.

CROCKETT, HENRIOD and WADE, JJ., concur.

WORTHEN, J., concurs in result.