368 P.2d 264

Eugene A. ANDERSON, Plaintiff and Respondent,

v.

Kathleen D. ANDERSON, Defendant and Appellant.

No. 9396.

Supreme Court of Utah.

Jan. 18, 1962.

Mary Condas Lehmer, Salt Lake City, for appellant.

Clark & Clark, Salt Lake City, for respondent.

McDONOUGH, Justice.

Appeal from a judgment resulting from a trial where the plaintiff husband had petitioned for and obtained an order to show cause why the award of custody of two children to the defendant wife should not be vacated and why support money should not be terminated. The cause is remanded with instructions to proceed in accordance with the observations and conclusions following.

In March, 1959, plaintiff was awarded a divorce and defendant was awarded custody of two children and $120 per month for their support. At that time plaintiff was earning $260 per month at a Veterans Hospital, and was receiving $60 military reserve pay. The equity in the parties' home' was awarded to defendant, and it was ordered that should she leave the premises, the support was to be increased to $180. She vacated the home and plaintiff commenced paying the increased amount, but as time went on payments were sporadic and delinquent on a number of occasions. Defendant took her children to Nevada, where she had a job, and where she left the children with foster parents for a monthly consideration.

About nine months after the divorce, plaintiff himself signed and filed a petition with the court for an award of custody of the children to him, and to terminate the support money. It appears that before the date set for hearing, plaintiff was represented by a firm of attorneys, but that fact did not appear as a matter of record. Defendant's counsel petitioned for a continuance for several reasons, which seem to have been legitimate, and the court entered an order continuing the matter for two weeks. However, on the original setting date, plaintiff's counsel appeared at the appointed hour with an out of state witness. The court contacted defendant's counsel and advised that on his own motion he was vacating the order of continuance, because plaintiff had not been notified of the continuance. Defendant was given an hour and a half to appear and contest the order to show cause. However, it developed that the court agreed to a further continuance if defendant would pay all of the costs incident to the hearing, otherwise the taking of testimony would proceed. Defendant's counsel, rather than agreeing to such terms, permitted the taking of testimony to continue. The matter was set for hearing on the merits early in February, 1960, about a month and a half after the perpetuation of the out of state witness' testimony and some testimony of the plaintiff, which latter testimony, although seemingly abortive in the previous hearing, was not objected to.

Prior to the continued hearing date, counsel for defendant filed an affidavit of bias and prejudice against the trial judge who was to sit and who did sit on the case. At the beginning of the trial, the judge, on his own motion, denied a removal of the cause to another judge, as it contemplated under rule 63(b), Utah Rules of Civil Procedure.[1] There may be merit in an argument that such refusal to comply with the rule might be indicative of the asserted prejudice; and somewhat demonstrates the wisdom of the rule itself.

If the rule means anything at all, it means what is plainly stated to the effect that the judge against whom the affidavit of bias and prejudice thereafter cannot proceed to hear the issue himself. Our only conclusion is that any order of judgment based on evidence thereafter taken by him would be ineffective against the affiant. It follows that this case must be remanded for another trial of the issues. As to costs and attorney's fees, it is ordered that consideration be given to the costs in-

1. "Whenever a party to any action or proceeding or his attorney shall make and file an affidavit that the judge before whom such action or proceeding is to be tried or heard has a bias or prejudice, either against such party or his attorney or in favor of any opposite party to the suit, such judge shall proceed no further therein, except to call in another judge to hear and determine the matter."

curred since defendant's petition was filed, and in any proceedings subsequent to this decision, and to a reasonable attorney's fee during the same period.

Defendant's counsel raised four other points on appeal, which, so far as this case is concerned, are not necessary to determine, in view of what we have concluded. However, we deign to canvass them in the interest of being helpful in any future litigation between the parties.

■ Defendant says that the court erred in reducing the amount of support money since there was no evidence of change in circumstances. The case of Cody v. Cody [2] seems of interest here, and is to the effect that the generalization of Title 30-3-5, Utah Code Annotated 1953, [3] contemplates an opportunity for divorced litigants to come into court for modification of the original decree based on *changed conditions*, and that any dissatisfaction with such decree is a matter of appeal. Absent an appeal, it is not subject to modification except where such changed conditions are demonstrated.

■ Defendant also says the court erred in refusing to award counsel fees to her in contesting the petition for modification. The case of Marks v. Marks [4] is of interest as to this contention. There it was held that a reasonable attorney's fee should be awarded to a wife short on funds, where she contests a modification petition. The philosophy behind this conclusion is not only reflected in Title 30-3-3, Utah Code Annotated 1953, [5] but particularly in the realization that where custody of children is involved their interests should be protected by the presence and presentation of the facts by competent counsel, whose fees should be paid. The argument that the parties have been divorced and the loser is not entitled to counsel fees has been rejected by this court in Doe v. Doe, [6] and Alldredge v. Alldredge. [7]

■ As to the contention that the court erred in requiring defendant to pay costs in defending the matter, since she was impecunious, the simple answer is that the question of the ability or the inability of a wife to pay is a factual matter, and it

2. Cody v. Cody, 47 Utah 456, 154 P. 952 (1916).

3. "Such subsequent changes or new orders may be made by the court with respect to the disposal of the children or the distribution of property as shall be reasonable and proper."

4. 98 Utah 400, 100 P.2d 207 (1940); also Stuber v. Stuber, 121 Utah 632, 244 P.2d 650 (1952).

5. "The court may order either party to pay to the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action."

6. 48 Utah 200, 158 P. 781 (1916).

7. 119 Utah 504, 229 P.2d 681, 34 A.L.R.2d 305 (1951).

lies in the discretion of the trial court, on examination of the facts, to determine if the circumstances do or do not demand an award of costs against one or the other of the parties.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.