382 P.2d 412

George TSOUFAKIS, Plaintiff and
Respondent,

v.

Stavroula TSOUFAKIS, Defendant and
Appellant.

No. 9810.

Supreme Court of Utah.

June 18, 1963.

H. G. Metos, Salt Lake City, for appellant.

Cotro-Manes & Cotro-Manes, Salt Lake City, for respondent.

WADE, Justice.

Stavroula Tsoufakis was granted a divorce upon her counterclaim in a divorce proceeding commenced by her husband, George Tsoufakis. This was satisfactory to both parties. This appeal is by defendant, Stavroula, the wife, from the property awards made by the court.

The record discloses that the parties were married in Greece in 1951, and when they immigrated to Utah, he worked as a laborer for a railroad, and she as a seamstress in a store until they adopted a boy, who, at the time of the divorce, was six years old. When the boy was adopted appellant ceased to work and took care of the child and household chores. Both parties were hard workers and frugal, and as a result they were able to acquire a duplex, bought for $4,000, which was entirely paid for, and for which one side rented for about $50 a month, at the time of the divorce proceedings, and an equity in a home representing about one-third of the purchase price of approximately $7,000 and furnishings for these properties, although the husband's take-home pay did not exceed $320 per month and the wife's pay about $1,500 per year during the four or five years she worked before relinquishing her job. In the husband's complaint he requested the court to give the income-producing duplex to the wife and to allow him to retain the home. At the trial the wife indicated that the duplex was very old and rundown and needed a lot of repairs, and that she preferred to have the home in which the couple had been living. The court granted her the home and furnishings therein and $85 per month alimony and $75 per month support money for the child. The court gave the husband the duplex and ordered him to pay all outstanding debts and taxes on the home property for that year and to turn over some group insurance to the appellant and change the beneficiary therein from respondent's brother to his adopted child.

Appellant contends that a fair and just division of the property would have been to give her, in addition to the award made by the court, a half interest in the duplex and to decrease her alimony from $85 per month to $45 monthly. During the pendency of these proceedings the husband had made the monthly payments of approximately $60 on the home, had allowed her to collect the rent of $10.00 per week from one side of the duplex and had given her $60 per month for living expenses. This, she feels, is a more satisfactory arrangement than to order respondent to pay $85 per month alimony and $75 support money for the child, as she says she is apprehensive that respondent will leave the United States. Appellant contends that in any event the court should at least have impressed a lien on the duplex to secure the payment of the future instalments of alimony and support money granted her in the event respondent does leave this country, because respondent has contracted to sell the duplex for $5,750 cash, which is less than the property is worth, and has threatened to leave the United States permanently. Respondent denies that he intends to leave this country.

■■ Although a divorce case is equitable in nature, and this Court will review

the evidence and may substitute its judgment for that of the trial court under proper circumstances, it will not disturb a trial court's judgment in the division of property or awards of alimony and child support unless it appears to be unjust and inequitable and therefore an abuse of discretion. Whether the awards of the division of property is unjust or inequitable must necessarily depend upon the facts and circumstances in each particular case.[1]

■ In the instant case we have two immigrants who have worked and struggled to acquire a home and security. The man is a laborer, the woman a good seamstress. The woman has been able in the past to earn a modest living in her work and no doubt could do so in the future, if necessary. The record does not disclose the ages of the couple, but since he was a war prisoner in Germany in the second world war, and both are refugees, we can probably assume that they are not old. Neither is there evidence that the health of either is not good. Under such circumstances this Court cannot say the trial court made unjust and inequitable awards or division of the properties. Even though it appears the duplex has no encumbrance on it, and the home does have an encumbrance of almost $5,000, still respondent was willing to let appellant have the duplex and he take the home, but she expressed her preference for the home, which the court awarded to her, and she does not complain about this. It is reasonable to assume therefore that even with the encumbrance on it, the home is more valuable to her than the duplex would have been. Because appellant would prefer to have a half interest in the duplex and less alimony, does not make it unjust to give her more alimony and no interest in that property. Both parties need to begin a new life and make adjustments. Given the background and conditions of this couple, the division as made by the court is probably a wise one.

■ Even though appellant says respondent has threatened to permanently leave the United States, and she is apprehensive that he will carry out this threat, the respondent has denied such intention, but stated he contemplated taking a trip to Europe. While there can be no doubt the trial court, should it appear necessary, has the power to impress a lien upon property to secure future payments of alimony and child support,[2] it does not follow that it abused its discretion in denying a request for such a lien because of appellant's apprehensions that respondent would leave the United States permanently. The trial court had the opportunity this Court does not have of seeing and hearing

1. Pinion v. Pinion, 92 Utah 255, 67 P.2d 265 and Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.

2. Beesley v. Badger, 66 Utah 194, 240 P. 458.

both parties and is therefore in a better position to determine controverted facts.

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.