383 P.2d 923

Patricia Ann STOCKS, Plaintiff and Appellant,

v.

Fred Keith STOCKS, Defendant and Respondent.

No. 9769.

Supreme Court of Utah.

July 17, 1963.

Frandsen & Keller, Price, Dilts & Hancock, Cortez, Colo., for appellant.

L. Robert Anderson, Monticello, for respondent.

CALLISTER, Justice.

Plaintiff mother appeals from an order denying her petition to change the custody of a minor child, Billy, from the defendant father to her.

Plaintiff, Patricia Ann Stocks, married the defendant, Fred Keith Stocks, on October 14, 1955, when she was 14 years of age and he was 20. Billy was born December 12, 1956, and Colleen, their daughter, was born January 15, 1958. Marital difficulties arose and a divorce decree was granted to plaintiff on August 18, 1958, in which she was awarded custody of Billy and Colleen.

Plaintiff took the children to the home of her mother in Grand Junction, Colorado and was thereafter married to Kenneth Ferguson on June 20, 1959. On August 17, 1960, plaintiff and defendant both agreed to have the custody of Billy awarded to defendant, and the court entered a supplemental decree to that effect. At this hearing plaintiff was not represented by counsel. However, she stated to the court that she agreed that defendant have custody of Billy of her own free will and choice. On October 24, 1960, defendant married his present wife Pauline, and Billy has been in their home since that time. Pauline has a son Teddy by a prior marriage who is one year and ten months younger than Billy.

On November 11, 1960, plaintiff petitioned the court to modify the supplemental order to grant the custody of Billy back to her. The court neither granted nor denied the petition but ordered that Billy remain with his father on a trial basis until October 11, 1961, at which time a further hearing would be held.

On July 17, 1961, a new petition was filed alleging change of circumstances which was denied, and the court stated the prior order would stand until the hearing on October 11, 1961. This hearing was postponed for the purpose of psychiatric examinations. Both children were examined by psychiatrists and found to be normal with no neurotic disturbances and on July 18, 1962, the court decreed that the custody of Billy should remain with the father.

The trial court found that both parties had remarried and both were suitable parents and able to properly care for minor children. Plaintiff contends that since it is the policy of the court to keep minor chil-

**316**

dren together [1] and that "all things being equal," [2] preference should be given to the mother.

It has been often said that the primary objective in custody cases is to provide for the child's best interest and welfare.[3] In Johnson v. Johnson, 7 Utah 2d 263, 323 P.2d 16 (1958), Justice Crockett stated:

"The instant case is a good example of the undesirable and impractical results that would emanate from adopting the view urged by plaintiff that the court must invariably, in all circumstances, award the custody of children under 10 to the mother unless she is found to be an immoral or incompetent person; it likewise exemplified the wisdom of the prior adjudications of this court that questions of custody are always equitable and that the controlling consideration is the welfare of the children involved. * * *

"Due to the equitable nature of such proceedings the proper adjudication of which is highly dependent upon personal equations which the trial court is in an advantaged position to appraise, he is allowed considerable latitude of discretion and his orders will not be disturbed unless it appears that there has been a plain abuse thereof. We cannot say that he did so here, but rather are impressed with the wisdom in which he handled a difficult situation."

The trial court was in a much better position to understand and evaluate the testimony than we are. That court has observed the attitudes, manners and personalities of the parties and has had opportunity to evaluate the ability of the parties and the effect that association with these parties will have on the child's life.[4] The rule which favors the mother is only one of many factors which must be considered and is applicable only if *all* things are equal. The trial court did not find that *all* things were equal but that it was in Billy's best interest to remain with his father.

It cannot be said that there was a plain abuse of discretion by the trial court. As it was well stated by the trial court:

"The preponderance of the evidence was that Billy was not the lovable well behaved youngster he now is at the time custody was transferred to his father about 20 months ago. A remarkable change has occurred in his development since he has lived with his father, step-mother and step-brother. He has

1. Johnson v. Johnson, 7 Utah 2d 263, 323 P.2d 16 (1958).
2. Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418 (1956).
3. Ibid.
4. Smith v. Smith, 1 Utah 2d 75, 262 P.2d 283 (1953).

made splended progress and has adjusted to the ranch life and doing as well as could be hoped for."

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.