384 P.2d 961

Monna McBROOM, Plaintiff and Respondent,

v.

Howard Kirtley McBROOM, Defendant and Appellant.

Monna McBROOM, Plaintiff and Appellant,

v.

Howard Kirtley McBROOM, Defendant and Respondent.

Nos. 9702, 9726.

Supreme Court of Utah.

Aug. 28, 1963.

McBroom & Hyde, Salt Lake City, for Howard Kirtley McBroom.

Leland S. McCullough, Salt Lake City, for Monna McBroom.

WADE, Justice.

Defendant husband appeals from a decree of the lower court granting him a divorce on his counterclaim and awarding his wife nominal alimony, the property of the parties, custody of the parties' two minor children, support money and attorney's fees. Plaintiff wife appeals from a subsequent decree of the trial court denying her claim for alleged delinquent support money, setting visitation rights in accordance with defendant's petition, and restraining plaintiff from taking the minor children out of the state. By stipulation

both appeals were consolidated for purposes of this decision.

The parties were married in 1952. Two children were born to the marriage, a boy, now nine years old, and a girl, now seven. Throughout the marriage defendant has been employed as a salesman and during the four years prior to trial has been employed as an insurance agent. It appears that plaintiff has worked approximately four years at various times during the marriage. The parties have accumulated a modest estate, consisting of a small home and household furnishings, and each is presently purchasing an automobile.

Error is claimed by the defendant husband in the award to plaintiff of: custody of the children and $100 per child each month for their support, all of the property of the parties, $1.00 per year alimony, and $750 attorney's fees. He also claims error in the subsequent award to plaintiff of an additional $125 for attorney's fees incurred in defendant's action to have visitation rights established.

Plaintiff wife claims error in the trial court's refusal to: grant her alleged delinquent support money, establish visitation rights for the defendant in accordance with her answer and counterpetition, restrain defendant from interfering with her job, threatening her with physical harm or generally harassing her; and in the trial court's order restraining her from taking the children out of the state or in any manner causing the children to be removed therefrom.

In the instant case, as is usual in child custody cases, this court is burdened with the dual task of determining not only the equity of the property settlement, but also the more important, yet uncertain and controversial task of trying to look into the future and determine the effect which each alternative course of action will have on the lives, happiness and well being of the children.[1] Such cases are equitable in nature, so this court must review both the law and facts. It will not disturb a trial court's judgment in the division of property or awards of alimony and child support unless it appears to be unjust, inequitable, or contrary to the evidence and therefore an abuse of discretion.[2] Whether the awards are unjust or inequitable must necessarily depend upon the facts and circumstances in each particular case.[3] Further, the policy of this court has been to give weight to the view that all things being equal, preference should be given to the mother in awarding custody of minor chil-

1. Smith v. Smith, 1 Utah 2d 75, 262 P.2d 283; Walton v. Coffman, 110 Utah 1, 169 P.2d 97.

2. Michelsen v. Michelsen, Utah, 383 P.2d 932, (July 30, 1963); Sorensen v. Sorensen, 14 Utah 2d 24, 376 P.2d 547.

3. Tsoufakis v. Tsoufakis, 14 Utah 2d 273, 382 P.2d 412, (June 18, 1963); Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.

dren, notwithstanding the divorce is granted to the father.[4] A divorced mother, however, has no absolute right to the custody of minor children.[5]

In weighing the evidence, we are well aware that the trial court saw and heard the witnesses when they gave their testimony and is thus in a better position to understand and evaluate their testimony than we are from reading the cold record. Nevertheless, from a careful reading of the record and a searching examination of the evidence before us, we conclude that the award of the children to the mother should be reversed.

The defendant was accused of mental cruelty, drinking to excess and exhibiting a violent temper. The trial court made no such finding and the evidence does not impel any such conclusion. During the stress which developed in the family, the evidence is that at times his conduct was something less than exemplary and that it may have been in "poor taste" on occasion. Nevertheless, by the plaintiff's own admission, she was unwilling to characterize him as anything other than a good father to the children. Overlooking human frailties and going to the basic considerations of his fitness as a parent, it is shown that defendant husband took his parental responsibilities seriously. He is industrious in his work as an insurance salesman and provided an adequate standard of living for his family. He spent a large portion of his free time with his children, took them on family outings, attended church services with them and generally manifested a sincere interest in their welfare

On the other hand, the plaintiff manifested considerable shortcomings as to the manner in which she fulfilled her obligation as a mother. There is evidence to the effect that prior to the commencement of this action she had been persistently guilty of indiscretions, including leaving the home on numerous occasions and staying out until the small hours of the morning. The circumstances shown indicate to a practical certainty that she was in an improper relationship with a married man which was finally broken off by him. It is also shown that on many occasions, plaintiff arrived home in the early hours of the morning, under the influence of alcohol, in a condition rendering her unable to care for her children. By plaintiff's own testimony, much of the time spent away from her home and family was spent in taverns and barrooms in the company of another man. There is also ample evidence to establish the fact that she has been prone to use unseemly language in the presence of the children, and a number of salacious stories

4. Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418; Briggs v. Briggs, 111 Utah 488, 181 P.2d 223.

5. Sampsell v. Holt, 115 Utah 73, 202 P.2d 550.

and other obscene materials, kept by her within easy reach of the children, were presented in evidence; all of which tends to show at least the general attitude and type of influence to which the children would be subjected if she were to retain custody. Plaintiff seldom attended church services with her husband and children, and during the period immediately preceding the divorce, she repeatedly and persistently refused and neglected to engage in activities with her children. She also on occasion surreptitiously used family funds for the purpose of purchasing gifts for the other man and to finance her clandestine affair with him. During much of this time, the children were either left unattended or in the care of a babysitter. There is also considerable evidence to substantiate the charge that she was not a good housekeeper, and that adequate meals were not prepared for the family at all times.

On the basis of the above evidence, the trial court entered its decree granting the divorce to the defendant husband, but awarding the custody of the children to the plaintiff wife. While appeal was pending in this court on the issue of child custody, defendant was forced to move the trial court for an order fixing defendant's rights of visitation, and to restrain plaintiff from punishing the children for visiting their father, etc. The trial court found that she: had repeatedly and persistently denied defendant his rights of reasonable visitation of the children; had punished and abused the children for visiting with their father and for letting him visit them; had, since the trial, repeatedly and persistently attempted to alienate the affections of the children from their father, as well as attempting to degrade him in their minds; had threatened to remove the children from the state, and also threatened to never again permit defendant to see his children. Defendant in those proceedings was cleared of all charges made by plaintiff, including his alleged delinquency in making child support payments.

The above enumerated factors clearly demonstrate the unfavorable attitude and general disqualification of the plaintiff to retain custody of these two minor children. Prior to the divorce her parental responsibilities were often ignored, and since the divorce was entered, she has persistently brought an undesirable influence to bear upon the children. Under existing circumstances the children, while not in school, are left with babysitters during the day while plaintiff is at work. Defendant, on the other hand, has demonstrated a willingness and ability to care for the children more adequately. His mother has agreed to move into the home to supervise the children, and to hire another woman to care for the household tasks. In addition, he has the firm support of other relatives who appear willing to help in case of emergency or financial difficulty.

For the foregoing reasons, in the interest of the welfare of the children, which is one of the paramount considerations in all cases involving child custody, we are impelled to change the decree awarding custody of the children to the plaintiff and award them to the defendant to take effect immediately, with visitation rights to the mother to be fixed by the trial court. However, inasmuch as this question of their custody has given the trial court, and this court, such grave concern, and because the matter of their custody is of such vital importance in their lives, we deem it advisable to further direct that the question of their custody shall be reviewed by the district court upon the expiration of two years from the remittitur in this case. This order does not preclude either of the parties, or the court upon its own motion, from invoking any regular procedure upon the decree before that time, if that becomes necessary or justified.

The custody of the children now resting with the defendant father, the financial settlement must also be reconsidered. The case is therefore remanded for further proceedings not inconsistent with this opinion. The parties are to bear their own costs and attorneys' fees to this point in the proceedings. The award of attorney's fees to the mother on the original divorce action is affirmed; but the award of attorney's fees to her on the hearing on the father's rights of visitation and whether he was delinquent in payment of child support is reversed, and the order for such payment is annulled.

McDONOUGH, CALLISTER and CROCKETT, JJ., and R. LeROY TUCKETT, District Judge, concur.

HENRIOD, C. J., having disqualified himself, does not participate herein.