389 P.2d 1023

Margaret C. SARTAIN, Plaintiff and Appellant,

v.

Vernon C. SARTAIN, Defendant and Respondent.

No. 9954.

Supreme Court of Utah.

March 12, 1964.

Ronald C. Barker, Salt Lake City, for appellant.

B. L. Dart, Jr., Salt Lake City, for respondent.

PER CURIAM.

Plaintiff appeals from a judgment denying her a divorce and granting one to the defendant on his counterclaim, contending that the evidence does not support the trial court's action, but requires a decree in her favor.

It appears that, as is not unusual in divorce cases, there are faults on both sides, each party seeing the other's magnified and his own minimized. In this instance we can see no useful purpose in setting forth their respective accusations and recriminations. It is sufficient to say that the trial court from his advantaged position to judge the credibility of the witnesses made findings based on competent, credible evidence which justify the judgment. Nothing is made to appear to persuade us that he abused the discretion reposed in him in granting the divorce to the husband or in making the decree which was entered. See Hendricks v. Hendricks, 123 Utah 178, 257 P.2d 366, and Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418.

Affirmed. No costs awarded.

HENRIOD, Chief Justice (concurring in the result):

I concur in the result, since the Hendricks case cited seems to govern. The only point on appeal was to whom the divorce should have been granted, under the facts. From the record I cannot see where defendant was pearly white and plaintiff only pearly-gray white, or whether plaintiff shouted too loudly but defendant less audibly. I believe this is a case where each and both parties should have been granted a divorce, and that the Hendricks case should be tempered where the acts of cruelty approach a clash in the middle of the domestic spectroscope. I think the case well might have been resolved by granting to each of the litgants a divorce, which might be helpful, but hardly harmful to anyone, but this issue was not urged on appeal.