391 P.2d 434

**Ray J. ROBINSON, Plaintiff and Respondent,**

**v.**

**Kathryn B. ROBINSON, Defendant and Appellant.**

**No. 10022.**

Supreme Court of Utah.

April 28, 1964.

Young, Young & Sorensen, Provo, for appellant.

Christensen, Paulson & Taylor, Provo, for respondent.

WADE, Justice.

Defendant Kathryn B. Robinson appeals from an order denying her petition to have the custody of the two small daughters of the parties, ages eight and five, taken from the plaintiff Ray J. Robinson and awarded to her.

At the time of the divorce decree in 1959 the plaintiff was awarded the custody of the children with a liberal provision for visitation by the defendant. Since that time in the pursuit of his livelihood the plaintiff has found it necessary to move

from the state of Utah. He has remarried to a woman who had one child; and they now have two of their own, making five children in the home. In justification of her request for custody defendant urges that the plaintiff's home does not best serve the interests and welfare of the children; that there has been conflict and considerable expense to her in visiting them; that the plaintiff has a relatively small income, and that he has to work about 10 hours per day six days a week in his service station business so he does not have sufficient time to spend with them; whereas, the defendant contends that since the divorce her own circumstances have changed very much for the better; that she has finished high school and a business course; has remarried and that her husband is steadily employed with a good income; that she and her husband desire and are able to provide the children with a better home and better economic circumstances than with the plaintiff.

The trial court appears to have made a conscientious effort to deal with the exceedingly difficult situation that always exists when separated parents each want their children and has shown a commendable interest in improving the defendant's opportunity for visitation of her children in the future. Notwithstanding the desires and contentions of the parties, the welfare of the children is one of the primary concerns of the courts. Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418. In that regard important considerations are the facts that at the time of the divorce they were awarded to the father where they have since resided; and that they have known no other home. Where the custody has been determined and the children appear to be comparatively well adjusted and happy, they should not be compelled to change their home unless there appears some substantial reason for doing so. Other circumstances being equal, this requirement would not be satisfied by the mere fact that economic circumstances may be better with the other spouse.

As we have often observed, on appeal it is advisable to allow considerable latitude of discretion to the trial court in such matters because of his advantaged position to judge the personalities and characters of those involved. See Sartain v. Sartain, 15 Utah 2d 198, 389 P.2d 1023. In doing so here we are not persuaded that he abused his discretion nor that the order should be reversed.

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.