404 P.2d 247

**Dora Varela RYAN, Plaintiff and Appellant,**

**v.**

**Douglas P. RYAN, Defendant and Respondent.**

No. 10271.

Supreme Court of Utah.

Aug. 6, 1965.

Glen S. Hatch, A. M. Marsden, Salt Lake City, for plaintiff and appellant.

Dansie, Ellett & Hammill, Walter R. Ellett, Murray, for defendant and respondent.

CALLISTER, Justice:

The parties hereto were married in 1955 in the State of California and have three children, aged seven, five and one. The plaintiff instituted this action wherein she sought a divorce, custody of the children, alimony and support money. Defendant counterclaimed and, from a decree awarding him the divorce and custody of the children, plaintiff appeals.

The evidence adduced at the trial consists, for the most part, in the unsupported accusatory statements of the respective parties. The trial court found that the plaintiff had belittled her husband in front of their friends, neighbors, and children; that she had bragged to defendant of her many love affairs; that she advised him that she was going to cease her employment and go on welfare so that he would have to pay more in the way of support; and that she told him that, after she secured the divorce, she would give him the children, because she did not want them. These findings were based solely upon the testimony of the defendant.

Based upon defendant's testimony and that of an independent witness, the lower court also found that plaintiff failed to adequately care and feed the children, while defendant did when they were under his supervision and that the plaintiff was away from home constantly, leaving in the late hours of the evening and not returning until the early hours of the following morning. The evidence supporting these findings related only to the period of time subsequent to the separation of the parties and the commencement of the action.

From the foregoing findings of fact the court concluded that the defendant was entitled to the divorce and that he be awarded the custody of the children because he exhibited a more genuine love for them and that they would be more likely to receive more parental love, affection and attention from him. It concluded that the plaintiff is an immoral person and not a fit or a proper person to have the care, custody and control of the children. It further concluded that it was in the best interests of the children that the matter of their custody be reviewed by the court after the expiration of sixty days from the date of the decree and if no change is then determined that it again be reviewed at the expiration of one year.

Plaintiff's contention that the lower court erred in granting the divorce to defendant rather than to her is without merit. There was ample, believable evidence to substantiate the court's holding in this respect.

However, plaintiff's contention that the court erred in awarding defendant custody of the children rather than her presents a difficult question. In cases such as this,[1] unless the circumstances dictate that it would not be to their best interests, the custody of minor children should be awarded to the mother.[2] While the evidence contained in the record before us does not seem to warrant the court's finding that the plaintiff is an immoral person, he nevertheless had the parties before him, witnessed their demeanor and could reasonably conclude that plaintiff was not a fit or proper person to have custody of the children and that it was to their best interests that the father be awarded their care, custody and control. While some other judge might have found otherwise, we cannot say that the trial court acted unreasonably or abused its discretion.

It appears from the record that the defendant had been convicted of two serious felonies and had served time in a California prison just prior to the parties' moving to Utah approximately three years before the commencement of this action. Evidently, the lower court was convinced that the defendant had paid his debt to society, had reformed, and was now living a righteous life. However, one may wonder who was caring for his two older children during his period of incarceration.

The fact that the lower court specifically provided for further review of its custody decree indicates an awareness on its part of the difficult question presented.

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

---

1. None of the children had attained the age of ten years and, therefore, their *privilege of selection is not involved.* See: Smith v. Smith, 15 Utah 2d 36, 386 P.2d 900 (1963).

2. 30-3-10, U.C.A.1953; Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418 (1956).