442 P.2d 937

John Lavar FRANCKS, Plaintiff and Respondent,

v.

Reta L. FRANCKS, Defendant and Appellant.

No. 10886.

Supreme Court of Utah.

June 21, 1968.

Richard C. Dibblee, of Rawlings, Wallace, Roberts & Black, Salt Lake City, for defendant and appellant.

Don V. Tibbs, Manti, for plaintiff and respondent.

TUCKETT, Justice:

This is an action for divorce wherein the defendant appeals from the findings and judgment of the court awarding custody of three minor children to the plaintiff.

During the trial the eldest child, John Michael, then age 11, requested that his custody be awarded to his father, the plaintiff herein. At the conclusion of a lengthy trial the court found that it would be in the best interests of the children that their custody be awarded to the father. The court found that the father was a fit and proper person to have custody of the minor children, and that the mother was not a fit and proper person to have their custody. The defendant mother is here contending that the evidence before the trial court did not support the court's finding of her unfitness to have custody of the children.[1]

This is a typical divorce case where the evidence indicates that both were not without blame and the conduct of each led to the breakup and termination of the marriage relationship. After review of the evidence before us, we are of the opinion that there was substantial evidence to support the court's finding of unfitness on the part of the defendant. The evidence shows, and the court found, that Mrs. Francks had been guilty of indiscretions involving men other than her husband, and that she had traveled about the streets of the town where the parties lived late at night and in an intoxicated condition. The

1. Sec. 30-3-5, U.C.A.1953; Smith v. Smith, 15 Utah 2d 36, 386 P.2d 900, 4 A.L.R.3d 1383; Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418.

evidence also supports the finding of the court that Mrs. Francks failed to care for the children in the manner expected of a mother in like circumstances. The judge of the trial court having had the witnesses and parties before him and having witnessed their demeanor from the witness stand could reasonably conclude that the defendant was not a fit or proper person to have custody of the children. We cannot say that the trial court acted unreasonably or abused its discretion.

The findings and decree of the court below are affirmed. No costs are awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.