**Sharon C. PERKINS, Plaintiff and Respondent,**

v.

**D. Kendall PERKINS, Defendant and Appellant.**

**No. 13425.**

Supreme Court of Utah.

May 21, 1974.

D. Kendall Perkins, Salt Lake City, for defendant and appellant.

Robert VanSciver, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff-wife was granted a decree of divorce from defendant-husband in August of 1972. At the time of the divorce there was a minor child of the couple and two minor children of the wife by a previous marriage. The wife was granted custody of all three children with right of visitation to the husband of his natural child. The trial court specifically denied husband any visitation rights to the other two children.

Defendant did not appeal from the divorce decree, but, approximately eleven months after its entry, petitioned the court for a modification of the decree seeking the same visitation rights with respect to his two stepchildren that he had for his natural child.

The trial court properly dismissed the petition. In Anderson v. Anderson [1] this court stated:

> . . . the generalization of Title 30–3–5, Utah Code Annotated 1953, contemplates an opportunity for divorced litigants to come into court for modification of the original decree based on *changed conditions*, and that any dissatisfaction with such decree is a matter of

---

15. Sec. 78–27–24(3), see footnote 3 above.

1. 13 Utah 2d 36, 368 P.2d 264 (1962) citing Cody v. Cody, 47 Utah 456, 154 P. 952 (1916).

appeal. Absent an appeal, it is not subject to modification except where such changed conditions are demonstrated.

The husband did not appeal from the original decree and did not allege any changed conditions or circumstances in his petition for modification.

Affirmed. Costs to respondent (wife).

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ.