Dixie S. COX, Plaintiff, Appellant and
Cross-Respondent,

v.

Mervyn K. COX, Defendant, Respondent
and Cross-Appellant.

No. 13242.

Supreme Court of Utah.

March 6, 1975.

Joseph E. Jackson, of Cline, Jackson & Mayer, Cedar City, for plaintiff-appellant.

Arthur H. Nielsen and Randall L. Romrell, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, V. Pershing Nelson, of Aldrich & Nelson, Provo, for defendant-respondent.

CROCKETT, Justice:

Plaintiff, Dixie Cox, sued the defendant, Dr. Mervyn Cox, for divorce, alleging mental cruelty. She sought custody of their four children, ages three to nine years, child support, alimony, and a division of family property. By way of defense and counterclaim, defendant alleged the same ground, asked for a divorce for himself; that the plaintiff be awarded no alimony; and that he be granted custody of the children, but offered to set up a substantial trust for their benefit.

After several proceedings, which need not be detailed here, and upon the completion of the trial, the decree finally entered and upon which this appeal is taken, granted the defendant the divorce, awarded custody of the children to the plaintiff, with proper visiting rights for the defendant, together with $125 per month each (total $500) for their support; and awarded the plaintiff a property and alimony settlement in the total cash amount of $65,000, subject to reduction to $60,000 if paid within six months by the defendant, (which has been paid) and 1972 station wagon valued at $4,500.

Neither party desires to undo the divorce. On appeal plaintiff argues for an increase in the property and alimony settlement. Defendant opposes this and cross-appeals seeking custody of the children.

The plaintiff and defendant were married in St. George, Utah, June 16, 1961. Shortly after their marriage, they moved to San Francisco, where defendant attended dental school. During that time plaintiff worked to help support the family. After the completion of the school they returned to St. George, where Dr. Cox established his dental practice. Over the subsequent years, plaintiff worked as a receptionist and later as bookkeeper for defendant and the family enterprises. During their marriage they appear to have prospered and accumulated a substantial amount of real and personal property including a home, farms, residential lots, and some commercial properties. Upon all of it, plaintiff's evidence of value totaled $290,100, whereas that of the defendant placed it at $164,787. The trial court's finding was $210,000.

■ Concerning the problems here involved we proceed upon the standard rules of review in divorce cases: that they are equitable, in which this court may review the evidence and the facts as well as the law;[1] but nevertheless, due to his prerogatives and advantaged position, we indulge considerable deference to the findings and judgment of the trial court.[2]

### Custody of Children

It is appropriate to observe that the defendant's claim to custody is not without considerable plausibility. Affirmative factors in his favor are: that the court found that he was a fit and proper person to have their custody; and in fact granted him custody in the first instance from February until August, 1973; and further,

1. Weise v. Weise, 24 Utah 2d 236, 469 P.2d 504; McBroom v. McBroom, 14 Utah 2d 393, 384 P.2d 961.

2. Lawlor v. Lawlor, 121 Utah 201, 240 P.2d 271.

there can be no question about his devotion to them and his dedication to their welfare. The negatives on the other side are that it is not to be denied that some aspects of the plaintiff's conduct have been less than exemplary in being in the company of others; and away from the home more than she should have been. But it also appears that despite her absences she likewise had concern for her family; that she managed a well ordered home, kept her children clean, well dressed and provided with balanced, nutritious meals, and appeared to maintain harmony and love between herself and them. The findings indicate that she is also a proper person to be awarded their custody.

We agree with the defendant's argument that under the modern and realistic trend of law, the mother has no absolute or invariable right to be awarded the custody of the children; and that the father's rights and interests are entitled to equal and just consideration.[3] Concerning the equality of the sexes, the Utah Constitution, Section I, Article IV, states:

The rights of citizens of the State of Utah . . . shall not be denied or abridged on account of sex. Both male and female citizens of this State shall enjoy *equally* all civil, political and religious rights and privileges.

But this does not mean that the law must pretend to be unaware of and blindly ignore obvious and essential biological differences.

In addition to and quite beyond the rights of the parents, there is the important principle that the paramount consideration is the long-term welfare and adjustment of the children.[4] That being so, we think there is wisdom in the traditional patterns of thought that the roles of the mother and father in the family are such that, all other things being comparatively equal, the children should be in the care of their mother, especially so children of younger years; and that this may be true even where the divorce is granted to the father.[5]

After giving what impresses us as careful attention to the problems involved, and consistent with the ideas hereinabove expressed, the trial court concluded that custody should be with the plaintiff, with generous visiting rights for the defendant. We appreciate the difficulties involved in such a decision for the trial court; and even more so, for the parties and the children, whose tolerance, forbearance and cooperation are demanded in this situation. In harmony with the rule that in such matters the court's judgment will not be upset unless it is persuasively shown to be contrary to the best interests and welfare of the children and the family, we decline to intervene. But we have included the foregoing delineation partly because the award of the custody of children is not permanent. If the matter is again presented to the court upon proper petition it is subject to review and possible change if is is made to appear that circumstances have arisen so that their best interest and welfare is not being served by the custody arrangement.

## Property Settlement

Because of the variableness and complexities involved in family troubles there is no firm rule or formula that can be uniformly applied in all cases in the legal surgery necessary to severing such relationships which will best serve the desired objective of allocating the economic resources so that the parties involved can

3. Where custody of minor children granted to father see Hyde v. Hyde, 22 Utah 2d 429, 454 P.2d 884.

4. Walton v. Coffman, 110 Utah 1, 169 P.2d 97.

5. Cases where divorce granted to father, but custody to the mother, see Baker v. Baker, 25 Utah 2d 337, 481 P.2d 672; Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418; that finding that welfare of children of younger years is best served by being with their mother, notwithstanding some questionable or indiscreet conduct on her part, see Sparks v. Sparks, 29 Utah 2d 263, 508 P.2d 531.

reconstruct their lives in the most happy and useful manner.[6] However, as an aid in that endeavor, in the past the courts have often resorted to a general "rule of thumb," of one third to the wife and two thirds to the husband; and that is what the court appears to have done here. Upon our survey of the circumstances of these parties we see no reason to believe that the application of that general formula is so inequitable or unjust that we should interfere therewith.

In regard to the wisdom of awarding the lump sum of $65,000 cash, reduced to $60,000 if paid within six months, we express no opinion. This would depend upon various factors, including the acumen, financial know how, and prudence of the plaintiff in managing and preserving such a fund, as compared to having it paid to her in installments over a reasonable period of time.

■ There is, however, merit in one aspect of the plaintiff's attack on the decree. She points out a plain error in arithmetic. In an extensive memorandum decision the trial court, with commendable zeal and concern for the welfare of these parties and their children, has analyzed their situation in arriving at his decree. It states in part:

The Court . . . found the net assets belonging to the parties and subject to division and distribution to be the sum of $209,743.00. This figure the Court rounded to $210,000.00 *and divided this figure by one-third which amounts to $62,762.76.* With that sum as a base figure, the Court thereupon awarded to the Plaintiff as a net alimony award and property settlement the sum of $65,000.00 plus a 1972 Chevrolet station wagon having an agreed value of $4,500.00 for a total award of $69,500.00, together, of course, with their personal effects.

It is to be noted that the division of $210,000 by three does not give $62,762.76 as an answer. There is an error of about $7,300.

Notwithstanding the protective cloak which our rules of review furnish to the actions of the trial court, it does not justify us in refusing to take note of and call attention to a plainly evident and substantial mistake in mathematics, for the purpose of possible correction.

In accordance with what we have said herein, the findings and decree are sustained, except that the trial court is directed to consider the error in computation pointed out, and thereupon determine whether there should be a correction in the decree to that extent. The parties to bear their own costs. (All emphasis added.)

HENRIOD, C. J., and ELLETT, TUCKETT, and MAUGHAN, JJ., concur.

---

**6.** As to general statements regarding the factors to be considered, see Pinion v. Pinion, 92 Utah 255, 67 P.2d 265; Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.