**Randy SMITH, Plaintiff and Appellant,**

v.

**Linda K. Jacobson SMITH, Defendant and Respondent.**

**No. 14695.**

Supreme Court of Utah.

May 6, 1977.

---

2. *Arends v. Arends, supra,* Note 1.

3. U.C.A.1953, Replacement Vol. 3.

2. 4 Utah 2d 273, 293 P.2d 418.

Pete N. Vlahos, of Vlahos & Knowlton, Ogden, for plaintiff and appellant.

Russell J. Hadley, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, Randy Smith, appeals from an order in proceedings supplemental to a divorce in which the trial court took custody of the couple's two children, now aged 8 and 3, from him and awarded custody to his former wife, Linda K. Jacobson Smith (now Moore).

Plaintiff contends (1) that there was not a sufficient showing of a change of circumstances to warrant modifying the decree; (2) that defendant has no absolute right to custody of minor children under ten years of age.

The plaintiff and defendant were married in North Salt Lake, Utah on March 23, 1968. Plaintiff filed this divorce action on August 23, 1975. On that same day, defendant signed a waiver consenting to the entry of her default and that custody of the children be awarded to the plaintiff; and upon an ex-parte hearing, Judge Ronald O. Hyde of the Second District Court granted plaintiff a divorce, made a division of the parties' property and awarded him custody of the two children. A motion by the defendant Linda to set aside the judgment, seeking modification of the decree as to property, and asking for custody of the children, was denied.

On October 10, 1975, plaintiff remarried to Vickie Smith. On November 1, 1975, defendant remarried to Randy Moore. On November 10, 1975, defendant filed a petition to modify the decree. The matter came before Judge Calvin Gould of the same court and he ordered an investigation of both homes. The report gave them both a favorable evaluation as to custody of the children; and showed the plaintiff's home to have a combined monthly income of $1,296 and the defendant's $1,380 Both parties rely on the report as supporting their claims to custody of the children.

Upon his appraisal of the total situation, Judge Gould concluded that it would be in the best interest of the children to be in the custody of their mother, defendant Linda, but with liberal visitation rights to their father, plaintiff Randy, which includes as minimums: one 24-hour period each week-

end, one 2-hour evening period each week, one month during the summer school recess, with an equal division of holidays.

■ As to (1) above, we agree that even in divorce matters, where the court has continuing jurisdiction to make subsequent orders with respect to the children and property rights as may be equitable and just,[1] when there has been an adjudication upon one set of facts, that should be res adjudicata thereon; and there should be no modification of such an adjudication unless it is shown that there is some substantial change in circumstances that would warrant doing so.[2]

■ The trial judge appears to have acted in full awareness of and in conformity with this rule. The changes of circumstances claimed by the defendant Linda upon which the trial court based the change in the decree are: that whereas defendant was sick and upset at the time she consented to the divorce, she is now in good health; is married to a man who loves her and the children and who will treat them well; that they have a suitable home and sufficient income to provide for them.

■ As to (2) above: there is no doubt about the correctness of the plaintiff's contention that the trial judge was in error in referring to the "statutory presumption of a natural mother" to custody of children of tender years; and that she has no absolute right to their custody. However, appropriate to be considered on this problem is the fact that, irrespective of any statute, the invariably declared policy stated in our decisions is that "all things else being equal, preference should be given to the mother in awarding custody of children of tender years . . . [and this is true even when] . . . the divorce is granted to the father."[3]

■ The trial court seems to have exercised considerable care to make what in his judgment was the best possible arrangement as to the custody of these children, in full awareness of the disappointing and disheartening effects it may have upon some of the parties involved, but with greater consideration for the welfare of the children. In that regard, it is further appropriate to have in mind that an award of custody of children in a divorce proceeding is not permanent. If circumstances change so that their welfare and best interests would be served thereby, the court has continuing jurisdiction and authority to make appropriate changes.[4]

We have no way of knowing whether the distinction between the "statutory presumption" and the natural presumption, or policy of the law, as explained above would make any difference to the determination and arrangement which appears to have been carefully considered and arrived at by the trial court. However, the plaintiff has correctly pointed out that the trial court was in error in stating that there is a "statutory presumption" in favor of the defendant in regard to custody of these children; and that he is entitled to have an adjudication thereon without applying any such statutory presumption. This controversy has been fully tried and considered by Judge Calvin Gould and it seems inadvisable that the parties and the courts be put to the necessity of a plenary re-trial. This case is therefore remanded to Judge Gould for the purpose of giving any further consideration to this matter he deems advisable, not inconsistent with the views expressed herein.

Remanded. No costs awarded.

ELLETT, C. J., and MAUGHAN, J., concur.

---

1. Sec. 30–3–5, U.C.A. 1953.

2. *Anderson v. Anderson,* 13 Utah 2d 36, 368 P.2d 264; *Perkins v. Perkins,* 522 P.2d 708 (Utah).

3. So stated for this court through Justice Ellett in *Hyde v. Hyde,* 22 Utah 2d 429, 454 P.2d 884 and authorities cited therein, and see also *McBroom v. McBroom,* 14 Utah 2d 393, 384 P.2d 961.

4. See Sec. 30–3–5, footnote 1 above, and see also *Cox v. Cox,* 532 P.2d 994 (Utah).

HALL, Justice (dissenting):

I respectfully dissent. One need only turn to the memorandum decision of Judge Gould to ascertain that the change of custody was made on a basis previously considered by this court and found to be wanting.[1] The provisions of Judge Gould's order that are pertinent here read as follows:

I find as a fact that the defendant mother did *not* sign her Stipulation under duress or coercion, but that her signature thereon was a free and voluntary act; but that this order of child custody is based on materially changed circumstances since the Decree, to wit:

1. The remarriage of the defendant;

2. The acquisition of the new home by defendant and her husband; and the decision is based upon what the court considers to be the best interest of the children on a finding that the *parties are on an equal footing* with respect to being able to care for the children, but the mother being accorded the *statutory presumption of a natural mother.* [Emphasis added.]

In *Arends,* supra note 1, Justice Ellett, speaking for a unanimous court, determined that the statutory provision of Section 30–3–10, U.C.A. 1953, relied upon by the trial court, has no application to divorce cases and that the section applicable is 30–3–5, U.C.A. 1953, which reads:

When a decree of divorce is made, the court may make such orders in relation to children, property and parties, and the maintenance of the parties and children as may be equitable, . . . .

The court further stated that in divorce cases the welfare of the minor children is of paramount importance in determining custody, citing *Sampsell v. Holt*[2] wherein it was said:

Child custody proceedings are equitable in the highest degree, and this court has consistently held that the best interests and welfare of the minor child is the controlling factor in every case.

The case of *Johnson v. Johnson*[3] is supportive of the same proposition and Justice Crockett, speaking for the court, stated it as follows:

. . . it likewise exemplifies the wisdom of the prior adjudications of this court that questions of custody are always equitable and that the *controlling consideration is the welfare of the children involved.* . . . Parental love must find expression, to some extent at least, in sacrifice for the happiness and welfare of the children, rather than in merely insisting upon privileges of parenthood. [Emphasis added.]

Moving now to the real issue of whether or not a substantial change of circumstances was shown as to warrant a change of custody, the main opinion aptly observes that when there has been an adjudication upon one set of facts that should be *res judicata* and there should be no modification unless it is shown there are some substantial changes that would warrant doing so. The cases are replete in regard to what constitutes a showing of substantial change of circumstances, but none say the acquisition of a new marriage partner and a house are adequate.[4]

The main opinion recites that at the time defendant consented and agreed that plaintiff should have custody she was "sick and upset." Such is contrary to the specific finding of Judge Gould, supra. Also, it is to be noted that defendant moved to vacate and set aside the initial decree on such grounds, and others, but was denied such relief by Judge Hyde, which prompted the

1. *Arends v. Arends,* 30 Utah 2d 328, 517 P.2d 1019 (1974).

2. 115 Utah 73, 202 P.2d 550 (1949).

3. 7 Utah 2d 263, 323 P.2d 16 (1958).

4. *Cody v. Cody,* 47 Utah 456, 154 P. 952 (1916); *Anderson v. Anderson,* 13 Utah 2d 36, 368 P.2d 264 (1962); *Johnson v. Johnson,* 7 Utah 2d 263, 323 P.2d 16 (1958); *Robinson v. Robinson,* 15 Utah 2d 293, 391 P.2d 434 (1964); *Perkins v. Perkins,* Utah, 522 P.2d 708; *Rogich v. Rogich,* 299 P.2d 91 (Idaho 1956); *Warnecke v. Warnecke,* 28 Wash.2d 259, 182 P.2d 699; *Henrickson v. Henrickson,* 358 P.2d 507 (Or.1960).

present proceeding to modify the decree. No appeal was taken therefrom.

In *Cody,* supra note 4, Justice Frick, speaking for the court, treated the issue as follows:

Where a party is dissatisfied with the original allowance or distribution of property, or the disposal of the children, he must prosecute a timely appeal to review the court's orders or decrees in that regard, and in such cases the review must be had upon the evidence adduced upon the original hearing.

*Cody,* supra, was referred to in *Anderson v. Anderson,* supra, note 4, and Justice McDonough stated:

. . . Title 30–3–5, U.C.A.1953, contemplates an opportunity for divorced litigants to come into court for modification of the original decree based on *changed conditions,* and that any dissatisfaction with such decree is a matter of appeal. Absent an appeal, it is not subject to modification except where changed conditions are demonstrated. [Emphasis added.]

The upshot of the main opinion is that if a mother does recognize the fitness of the father as a custodial parent, and consents thereto, and the court relies thereon, that it must thereafter alter custody if she later decides to exercise the claimed "natural presumption" as to her better fitness, and that same court is obligated to respect her change of heart. Such is not the law and this court should not now so hold.

Much is to be said for the ability of not only litigants to be able to rely upon custody orders, but also for children to be able to place reliance on them so that they will not be uprooted at the whim of one parent who may be only presently doing well with a new marriage. *Robinson v. Robinson,* supra note 4, is a case specifically in point. There the trial court denied a petition of a divorced wife to have custody of minor children taken from her former husband. On appeal, this court sustained the order adopting the following language:

Notwithstanding the desires and contentions of the parties, the welfare of the children is one of the primary concerns of the courts. *Steiger v. Steiger,* 4 Utah 2d 273, 293 P.2d 418. In that regard important considerations are the facts that at the time of the divorce they were awarded to the father where they have since resided; and they have known no other home. Where the custody has been determined and the children appear to be comparatively well adjusted and happy, *they should not be compelled to change their home unless there appears some substantial reason for doing so.* Other circumstances being equal, this requirement would not be satisfied by the mere fact that economic circumstances may be better with the other spouse. [Emphasis added.]

The Oregon case, *Henrickson v. Henrickson,* supra note 4, holds that every child custody order is res judicata and in any later modification the moving party must bear the burden of showing that it would enhance the welfare of the child. The Idaho case, *Rogich v. Rogich,* and the Washington case, *Warnecke v. Warnecke,* supra, note 4, also adopt the same criteria, i.e., the welfare of the child is the sole matter with which the court is concerned and not with the whims of the parents.

Now looking back to the trial judge's order and deleting therefrom the statutory presumption indulged in that is not applicable, though lip service was made of materially changed circumstances, there actually are none since only the new marriage and the new house remain. Otherwise, each parent is on equal footing and the order changing custody should be reversed.

WILKINS, J., concurs in result of Justice HALL's dissent.