Bruce TREGO, Plaintiff and Respondent,

v.

Cathryn Marie TREGO, Defendant and Appellant.

No. 14706.

Supreme Court of Utah.

May 27, 1977.

---

3. Utah Const. Art. VIII, Section 7.

4. 1 Am.Jur.2d Abatement, Survival and Revival, Section 5, 1 C.J.S. Abatement and Revival, § 1.

S. Rex Lewis of Howard, Lewis & Petersen, Provo, for defendant and appellant.

Noall T. Wootton, American Fork, for plaintiff and respondent.

HALL, Justice:

This appeal challenges the denial of defendant's petition to modify a decree of divorce so as to change custody of the parties' daughter. The sole issue here has to do with whether the trial court erred in finding no material change of circumstances existed as warranted the requested change and thus abused its discretion.

The parties were divorced June 6, 1974, at which time the court accepted and approved the stipulation and property settlement agreement of the parties and pursuant thereto awarded custody of said minor child to plaintiff. No appeal was taken, but defendant made an attempt to modify the decree on May 12, 1975, based on an allegation of changed circumstances which was denied, the court finding that the interest of said minor child would be best served by continuing to remain in plaintiff's custody. Again, no appeal was taken.

The proceeding on review now was heard on May 14, 1976, at which time defendant had again married and had full-time employment, but was willing to terminate same if awarded custody, and would thereafter devote all of her time to the care of the child.

The subject of modification of custody awards is frequently before this court despite our numerous pronouncements that decrees of divorce shall not be modified in the absence of a showing of substantial change of circumstances as provided in Section 30–3–5, U.C.A.1953.[1]

This court has consistently held that the best interests and welfare of the minor child is the controlling factor in every case.[2]

Notwithstanding the desires and contentions of the parties, the welfare of the children is the paramount consideration of the courts,[3] and where custody has been determined, and the children appear to be comparatively well adjusted and happy, they should not be compelled to change their home unless there appears some substantial reason for doing so.[4]

When there has been an adjudication on one set of facts, that should be res adjudicata and there should be no modification unless some substantial change of circumstances would warrant doing so.[5]

A careful review of the facts of this case adequately supports the discretion of the trial court in declining to modify the custody provisions of the decree. It found that the plaintiff's and the child's circumstances had not materially changed in the interim period and further found that defendant's new job and marriage were not sufficient changes of circumstances as would warrant his changing the child from one home to another.

The record shows no persuasive evidence contrary to the trial court's determination that the best interests of the minor shall be served by not changing custody and due to the trial court's advantaged position this

1. *Anderson v. Anderson*, 13 Utah 2d 36, 368 P.2d 264 (1962); *Perkins v. Perkins*, Utah, 522 P.2d 708 (1974).

2. *Sampsell v. Holt*, 115 Utah 73, 202 P.2d 550 (1949); *Johnson v. Johnson*, 7 Utah 2d 263, 323 P.2d 16 (1958).

3. *Steiger v. Steiger*, 4 Utah 2d 273, 293 P.2d 418 (1956).

4. *Robinson v. Robinson*, 15 Utah 2d 293, 391 P.2d 434 (1964).

5. *Smith v. Smith*, Utah, 564 P.2d 307 (1977), citing therein *Anderson v. Anderson, Perkins v. Perkins*, footnote 1 supra.

court indulges considerable deference to its findings and judgment.[6]

Affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

6. *Cox v. Cox,* Utah, 532 P.2d 994 (1975).