454 P.2d 884

**Stephen Frank HYDE, Plaintiff and Respondent,**

**v.**

**Lauri Lee HYDE, Defendant and Appellant.**

**No. 11463.**

Supreme Court of Utah.

May 21, 1969.

2. Section 78–46–18, U.C.A. 1953.

---

Thomas R. Blonquist, Robert C. Matheson, of Burton, Blonquist, Cahoon, Matheson & Shaffer, Salt Lake City, for appellant.

J. Duffy Palmer, of Hess, Palmer & Van Wagenen, Clearfield, for respondent.

ELLETT, Justice:

The respondent as plaintiff brought suit for divorce against the appellant as defendant. The only contested issue in the suit was the custody of the minor child. The trial court awarded the plaintiff a decree of divorce and gave him the care, custody, and control of the child, subject to visitation privileges by the defendant. This appeal is from that part of the decree relating to the award of the custody of the child.

While both parties to this divorce are from good families, the court found that the welfare and best interest of the child would be served by being awarded to her father, the plaintiff. In holding that the mother was not a fit and proper person to have the care, custody, and control of the child, the court did not mean that she was morally unfit. He simply meant that her emotional state was such that she could not give that care and security to the child which the plaintiff could give. The evidence was such that the court could properly find that the condition of the defendant since the birth of the child had been one of great anxiety, bewilderment, confusion, and emotional disturbance. Although there was evidence of improvement in her condition, the evidence would justify a belief that the condition of the defendant could deteriorate rapidly under stress and strain.

When the baby was about thirteen and a half months old, the defendant left her with the plaintiff and went to Phoenix, Arizona, for a supposed two-weeks' vacation. Five and one-half months later she returned to Utah to contest the custody provision in this divorce matter which the husband had initiated.

This divorce was granted September 24, 1968, at which time the minor child was two years old. The father had since November 2, 1967, fed, bathed, and tended the baby and had washed and ironed her clothing. The relationship between him and his daughter and the degree of security which the child felt all were factors to be considered by the trial judge in determining to whom custody should be awarded.

The trial lasted several days, and since both parties testified in open court and were present during the taking of the testimony of other witnesses, the trial judge was in a much better position to determine the question of fitness of the parties to have custody than are we who are limited to the reading of the record. He had the advantage of observing the behavior of the parties and could, therefore, better judge the emotional stability of each than we can.

The defendant here argues that a mother's right to custody of a small child should not be denied unless it is shown that she is such an immoral, incompetent, or otherwise improper person that it would be contrary to the child's best interest and welfare to be in her custody.

Our statute, Section 30–3–5, U.C.A. 1953, provides that "when a decree of divorce is made the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable; * * * . Such subsequent changes or new orders may be made by the court with respect to the disposal of the children or the distribution of property as shall be reasonable and proper."

 This section only requires that the disposition of the children (under ten years of age) be equitable, which means that the welfare of the children is paramount in that regard.

The defendant perhaps is justified in her belief that she has superior rights to the child from reading Section 30–3–10, U.C.A. 1953:

In any case of separation of husband and wife having minor children, the mother shall be entitled to the care, control and custody of all such children; * * * provided further, that if it shall be made to appear to a court of competent jurisdiction that the mother is an immoral, incompetent or otherwise improper person, then the court may award the custody of the children to the father or make such other order as may be just.

This court in Sampsell v. Holt, 115 Utah 73, 202 P.2d 550 (1949), held that the above quoted section does not apply to divorce actions. At page 79 of the Utah Reports, at page 553 of 202 P.2d it was said:

We are not unmindful that it can be argued with some reason, and has been forcibly argued by appellants in this case, that Sec. 40–3–10 [1] is applicable to divorce actions and proceedings subsequent thereto, relating to the custody of minor children. Such an interpretation, as well as other possible interpretations which might be placed upon Sec. 40–3–10, have been carefully considered. However,

1. Now Section 30–3–10, U.C.A. 1953.

having in mind the legislative history of the statute, and the long established policy of the law in regard to awarding custody of children, we are of the opinion that Sec. 40–3–10 was not intended to apply to divorce cases, but only in the case of separation. It follows, therefore, that defendant is not entitled, as a matter of law, to the custody of the minor child.

Child custody proceedings are equitable in the highest degree, and this court has consistently held that the best interest and welfare of the minor child is the controlling factor in every case. Walton v. Coffman, 110 Utah 1, 169 P.2d 97, and cases there cited. * * *

In the later case of Steiger v. Steiger, 4 Utah 2d 273, at page 276, 293 P.2d 418, at page 420(1956), it was held:

This court has stated that a divorced mother has no absolute right to the custody of minor children under U.C.A. 1953, 30–3–10, Sampsell v. Holt, 115 Utah 73, 202 P.2d 550, but the policy of our decisions has been to give weight to the view that all things being equal, preference should be given to the mother in awarding custody of a child of tender years, notwithstanding the divorce is granted to the father. Cooke v. Cooke, 67 Utah 371, 248 P. 83; Briggs v. Briggs, 111 Utah 418, 181 P.2d 223. And this view is based upon the oft-stated purpose of the award of custody to provide for the child's best interests and welfare, Walton v. Coffman, 110 Utah 1, 169 P.2d 97.

■ It will thus be seen that the defendant has no absolute right to the custody of her child simply because she is the mother. At best she has an advantaged position when all things are equal. However, when things are not equal as regards the ability of the parties to care for and properly rear the child, then any advantage customarily given to a mother must be denied, and the award made so as to provide for the best interest and welfare of the child.

■ We do not think the trial judge erred in awarding the child to the plaintiff under the circumstances as revealed by the evidence of this case. However, when an award of custody is made, it is not necessarily a permanent one; and should circumstances and conditions ever change so that the welfare and best interest of the child would require a custodial change, then the court has authority under Section 30–3–5, supra, to make that change.

The judgment is affirmed. Each party to bear its own costs.

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.