517 P.2d 1019

**Edwina ARENDS, Plaintiff and Respondent,**

**v.**

**David R. ARENDS, Defendant and Appellant.**

**No. 13349.**

Supreme Court of Utah.

Jan. 2, 1974.

---

7. 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

8. At page 243 of 399 U.S., at page 2023 of 90 S.Ct.

Galen J. Ross, Salt Lake City, for defendant-appellant.

Del B. Rowe, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The parties hereto were divorced on April 13, 1972, and the defendant was given the temporary custody of the minor child born during the marriage. At that time the plaintiff was not physically well and also had some emotional disturbance.

Mrs. Arends made several efforts to have the court award the care, custody, and control of the child to her permanently, the last effort resulting in such an order being made. Mr. Arends appeals from that order and claims that Section 30–3–10, U.C.A.1953, as amended (1973 Pocket Supplement), violates the equal protection clause of the State and Federal Constitutions. The wording of the statute which he claims violates his rights reads:

. . . In determining custody, the court shall consider the best interests of the child . . . and the natural presumption that the mother is best suited to care for young children . . .

■ The contention might have some merit to it in a proper case if the father was equally gifted in lactation as is the mother. However, the section does not even apply to divorce cases. It applies to cases of separation and when the marriage is declared void or dissolved.[1]

The statute[2] which applies to divorce cases reads:

When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable; . . .

■ In divorce cases the welfare of the minor children is of paramount importance in determining custody. This court in the case of Sampsell v. Holt[3] said:

Child custody proceedings are equitable in the highest degree, and this court has consistently held that the best interest and welfare of the minor child is the controlling factor in every case. . . .

■ At the hearing from which this appeal was taken, the trial court heard evidence, and based thereon he determined that the mother was a fit and proper person to have the care, custody, and control of the minor child and that the welfare of the child would best be served in placing it with the mother.

1. Johnson v. Johnson, 7 Utah 2d 263, 323 P.2d 16 (1958); Sampsell v. Holt, 115 Utah 73, 202 P.2d 550 (1949).

2. Sec. 30–3–5, U.C.A.1953, as amended (1973 Pocket Supplement).

3. 115 Utah 73, 80, 202 P.2d 550 (1959).

We are unable to say that the judge abused his discretion in that regard, and the judgment is therefore affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.