**Billy Kay TERREL, Plaintiff and Respondent,**

v.

**Linda Susan TERREL, now known as Linda Susan Frandsen, Defendant and Appellant.**

**No. 13584.**

Supreme Court of Utah.

Oct. 29, 1974.

Phillip L. Foremaster, St. George, for defendant and appellant.

Hans Q. Chamberlain, Cedar City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from an order continuing custody of a minor child in plaintiff, awarded in a divorce matter, —the order resulting after defendant had obtained an order to show cause why such judgment should not be modified and custody awarded to her on grounds of *changed circumstances*. Affirmed, with no costs awarded.

The parties hereto were married four and one-half months before their female child was born. A year and one-half later Mr. T filed for divorce. Summons was served on Mrs. T, who, thereafter sought paid legal advice, but was not represented by answer, other pleading or counsel before a timely divorce decree was entered.

After the filing of the complaint, Mrs. T left town, and *her* mother delivered the baby to plaintiff, who then amended the complaint, seeking custody. The record reflects that Mrs. T was served and had actual notice of the complaint and amended complaint.

A divorce was awarded based not only on default, but upon evidence adduced, at a hearing where Mrs. T's own mother testified that she felt and desired that Mr. T, her son-in-law, not her daughter, should have custody. After the divorce the parties tried reconciliation, which shortly failed.

Defendant did not appeal from the divorce decree. After such failure, however, and without having tested the Court's jurisdiction to enter the decree, Mrs. T took a country-lane approach by securing the order to show cause, which, of consequence, gave the Court complete jurisdiction over her and her child and her husband and the subject matter by asking the Court for relief.

As to her second, and only other point on appeal, the Court took testimony and made reference in his summing up to the recommendation of Mrs. T's mother, that Mr. T, rather than her own daughter have custody of the child. There is ample competent evidence to sustain the Court's finding that custody should remain with Mr. T, stating that he had to "attempt to analyze the facts which are brought out" and "decide what's the best for the interests of the child" and that he thought "it was not for the best interests of the child for the custody to be changed."

The judge then stated he would retain jurisdiction to determine the matter of any future change in circumstances warranting any disturbance of the existing record.

Under the similar facts and results of this case we are constrained to and do conclude that what is said in Hyde v. Hyde, 22 Utah 2d 429, 454 P.2d 884 (1969), is dispositive of the instant case.

CALLISTER, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.