George M. MECHAM, Plaintiff and Respondent,

v.

Gail T. MECHAM, Defendant and Appellant.

No. 14084.

Supreme Court of Utah.

Dec. 22, 1975.

Raymond S. Uno, Salt Lake City, for defendant and appellant.

Steven W. Allred, Salt Lake City, for plaintiff and respondent.

H. MAURICE HARDING, District Judge and Acting Chief Justice:

All of the Honorable Justices of the Supreme Court have voluntarily withdrawn from participating in this case.[1] as a result, District Court Judges have been called to serve as and for the Supreme Court.

This is an appeal by the defendant from the decision of the trial judge in a divorce action. The only issue involved is the custody of the parties' minor child, a boy, born April 26, 1971. The court granted a divorce to both parties and awarded the custody of the child to the father, with liberal visitation rights in the mother, reserving a right to review the custody award at the expiration of one year from date of entry of the decree. It was stipulated and the court found that both parties were fit and proper parents.

The applicable statute is Section 30–3–5, U.C.A.1953, as amended, and reads in part as follows:

> When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary. . . .

Our court has repeatedly emphasized the objectives stated in the foregoing statute: that in divorce cases, the welfare of minor children is of paramount importance in determining custody;[2] that the proceedings are equitable in the highest degree;[3] that neither parent has an absolute right to custody; that any presumption favoring the mother for children of tender years must yield to the controlling rule of the child's best interest under all the circumstances as shown by the evidence presented to the trial court; and that an award of custody is not necessarily permanent, but may be subsequently modified when changing times and circumstances dictate a custodial change to comport with the best interests and welfare of the child and the parties involved.[4]

It would serve no useful purpose to detail the incidents relating to the courtship and marriage of the parties, their behavior towards each other during the time they lived together, nor the apparant causes that rendered their continued marital association intolerable. Their marriage was described in the transcript as "tumultuous."

The court found both parties at fault in granting each of them a divorce. The

---

1. This because the Clerk of the Court is the grandfather of the child involved.

2. *Arends v. Arends*, 30 Utah 2d 328, 517 P. 2d 1019.

3. *Sampsell v. Holt*, 115 Utah 73, 202 P.2d 550.

4. *Hyde v. Hyde*, 22 Utah 2d 429, 454 P.2d 884; *Cox v. Cox*, Utah, 532 P.2d 994.

chief concern of the trial judge was the welfare of the minor child, whose custody was decided by the court on conflicting evidence.

 The court had the benefit of testimony of psychiatrists, who gave their expert opinions, based on the appraisals they were able to make of the parties, the minor child, and the situation in which they were involved. Their opinions are worthy of careful consideration by the court, but are advisory only, and in no sense controlling. The parties appeared and testified. The court had the opportunity to observe their appearance and demeanor and to evaluate to a limited degree their personalities, attitudes and emotional stability, and to make a judgment in reliance on all the evidence produced at the trial as to what appeared to be in the best interest of the minor child. The ultimate decision was for the trial judge, who was in a more favorable position than we are to weigh the evidence as it came from the mouths of the witnesses before him, and to make a proper determination of the issues presented.

In *Johnson v. Johnson*, 7 Utah 2d 263, 323 P.2d 16, our court said:

> Due to the equitable nature of such proceedings, the proper adjudication of which is highly dependent upon personal equations which the trial court is in an advantaged position to appraise, he is allowed considerable latitude of discretion and his orders will not be disturbed unless it appears that there has been a plain abuse thereof.

We have carefully read the transcript and hold that the trial judge's decision was fairly sustained by the evidence and that there was no abuse of discretion.

Affirmed. No costs awarded.

JAMES S. SAWAYA, VeNOY CHRISTOFFERSON, EDWARD SHEYA, Jr. and DON V. TIBBS, District Judges, concur.