**Glenn A. RICE, Plaintiff and Respondent,**

v.

**Kristie Lee RICE, Defendant and Appellant.**

**No. 14748.**

Supreme Court of Utah.

May 5, 1977.

Brian R. Florence, Florence & Hutchison, Ogden, for defendant and appellant.

Melvin C. Wilson, Kaysville, for plaintiff and respondent.

ELLETT, Chief Justice:

The parties to this appeal were divorced on August 26, 1975, at which time the father, respondent here, was awarded the temporary care, custody, and control of their then two-year-old daughter. The mother subsequently, pursuant to the terms of the divorce decree, requested an order to show cause why she should not be awarded custody of the child. At the second hearing the lower court refused to change the control of the minor child and left her with the father. The mother appeals that decree.

The precise issue before this Court is whether or not the district court abused its discretion by granting custody of the minor child to the respondent.

■ Our statutes and case law are consistent and clear with respect to the considerable discretion allowed the trial court in child custody matters, with the controlling factor being that which is in the best interest and welfare of the minor child.[1]

■ Child custody proceedings are and should be equitable in the highest degree. At the hearing from which this appeal was taken, the trial court received evidence inter alia from the Division of Family Services which investigated the family conditions of both appellant and respondent. Two separate reports were filed, one endorsing the extremely good job respondent has done in raising his daughter; and the second expressing serious reservations about the mother's present and future ability to adequately meet the child's needs. The first report concluded that to remove the daughter from her present environment and ask her to adjust to a new one would

---

1. Section 30–3–10, U.C.A.1953, 2d Replacement Vol. 3; *Hyde v. Hyde*, 22 Utah 2d 429, 454 P.2d 884 (1969); *Arends v. Arends*, 30 Utah 2d 328, 517 P.2d 1019 (1974); *Baker v. Baker*, 25 Utah 2d 337, 481 P.2d 672 (1971); *Sampsell v. Holt*, 115 Utah 73, 202 P.2d 550 (1959).

only be foolhardy at best. The court apparently chose to believe the evidence presented by the agents of the Division of Family Services.

 While the evidence shows that both parties have remarried and reestablished similarly modest living styles, we do not feel that the mother as such is entitled to any statutory presumption of preference. We have formerly held [2] that this presumption in Section 30–3–10 [3] does not apply to divorce cases.

We also recognize that no special preference is available to the mother in this case because all factors are not comparatively equal [4] according to the Division of Family Services' evaluation and other evidence before this Court.

On the basis of the standard rules favoring the findings and determination of the trial court in such matters, the decree of the district court is affirmed. Costs are awarded to the respondent.

MAUGHAN, J., concurs in main opinion and also in concurring opinion of CROCKETT, J.

WILKINS and HALL, JJ., concur in result.

CROCKETT, Justice: (concurring, with added comment).

It is true that this court has pointed out that Sec. 30–3–10, U.C.A.1953, relates expressly to cases of separation; [1] however, as clearly pointed out in *Steiger v. Steiger* [2] through Chief Justice McDonough in applying the general equitable powers granted in Sec. 30–3–5, U.C.A.1953:

> This court has stated that a divorced mother has no absolute right to the custody of minor children . . . but the policy of our decisions has been to give weight to the view that all things being equal, preference should be given to the

mother in awarding custody of a child of tender years, . . . .. And this view is based upon the oft-stated purpose of the award of custody to provide for the child's best interests and welfare, . . .. [Citing authorities.]

In my opinion this is the sound view on the problem and represents a correct statement of law.

---

2. *Arends v. Arends, supra,* Note 1.

3. U.C.A.1953, Replacement Vol. 3.

4. *Smith v. Smith,* Utah, 564 P.2d 307 (1977).

1. See *Arends v. Arends,* footnote 2 main opinion, and cases therein cited including *Sampsell v. Holt,* 115 Utah 73, 202 P.2d 550, exposition thereon by Justice Wolfe.

