**Vicki L. BINGHAM, Plaintiff and Appellant,**

v.

**Vernal Carl BINGHAM, Defendant and Respondent.**

No. 15228.

Supreme Court of Utah.

Feb. 10, 1978.

Brian R. Florence of Florence & Hutchison, Ogden, for plaintiff and appellant.

Michael D. Lyon, Ogden, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Vicki Bingham appeals from an order made in proceedings supplemental to

2. Rule 59(e), U.R.C.P., allows such a motion to be filed within 10 days after entry of judgment.

3. Rule 72(a), U.R.C.P.

4. *Salt Lake City v. United Park City Mines Company*, 28 Utah 2d 409, 503 P.2d 850 (1972).

divorce which changed the custody of their 7 year-old son from her to the defendant Vernal Bingham.

■ The plaintiff grounds her attack upon the order on the rule to which we agree as a general proposition: that it is presumed to be for the best interest and welfare of a child of tender years to be with his mother. However, under the modern trend of social thinking away from former fixed rigidities, toward equality of the sexes and greater flexibility in considering the qualifications of the parents on an individual basis, that presumption is subordinate to the higher rule that the paramount concern in such cases is the best interest and welfare of the child.[1]

As to be expected in such cases, the parties each presented evidence as to the favorable aspects of their own qualifications and home conditions being the best environment for their son; and conversely those things which would detract therefrom in the other. In addition to the evidence presented, they stipulated that the court should have the benefit of a home investigation and evaluation by an officer of the juvenile court; and also that the court interview the boy.

It was upon the basis of all the foregoing, which included the somewhat extensive report, that the trial court based his findings and decision.

■ In the best interest of all concerned, we think it unnecessary and inadvisable to set forth herein the detail of the evidence. It seems sufficient to say that upon the basis thereof the trial court was amply justified in the findings and the conclusion he arrived at in awarding the custody of the child to the father, but with what impresses us as fair and liberal visitation privileges of the mother, including two evenings each week, two weekends each month and one month during summer vacation.

■ This further observation is also pertinent. If there should be any misjudgment as to the best interest and welfare of this child in the placement made, there is the safety factor that an award of custody of a minor child as between spouses is not necessarily permanent.[2] Upon the passage of a sufficient period of time to determine how the present program works out, if it appears not to be for the best advantage and welfare of the child and the parties, the court has continuing jurisdiction to re-examine and make any subsequent modifications or changes that may seem to be in their best interests and welfare.[3]

Inasmuch as the evidence does not clearly preponderate against the findings and order of the trial court, as would be required for reversal,[4] but on the contrary seem to clearly preponderate in favor of those findings, the order made is well within the prerogatives of the trial court in such matters.[5]

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS, and HALL, JJ., concur.

1. The case of *Mecham v. Mecham*, Utah, 544 P.2d 479 (1975), by District Judge H. Maurice Harding, is an artfully written and well-reasoned decision which is applicable to the problem here.

2. U.C.A.1953, Section 30–3–5, provides: When a decree of divorce is made, . . . .. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to . . . the custody of the children . . . as shall be reasonable and necessary.

3. See footnote 1 above.

4. That such is the rule of review in equity cases, see *Wiese v. Wiese*, 24 Utah 2d 236, 469 P.2d 504; *Barker v. Dunham*, 9 Utah 2d 244, 342 P.2d 867.

5. *Rice v. Rice*, Utah 564 P.2d 305 (1977).