George Paul HENDERSON, Plaintiff and Respondent,

v.

Elinor Sue HENDERSON, Defendant and Appellant.

No. 15074.

Supreme Court of Utah.

March 13, 1978.

Richard W. Campbell of Olmstead, Stine & Campbell, Ogden, for defendant and appellant.

Robert E. Froerer of Froerer, Horowitz, Parker, Thornley & Critchlow, Odgen, for plaintiff and respondent.

---

**1290**

HALL, Justice:

The trial court granted both parties a decree of divorce. Defendant appeals only from the provisions thereof which award custody of their five children and approximately two-thirds of the property accumulated to plaintiff. Affirmed. No costs awarded.

The defendant contends that she is equally qualified as a custodial parent and hence should have been afforded a preference in the award of three of the five minor children. She also contends that equity requires a more equal division of the marital property.

The evidence elicited at trial was that the parties had been married for some 21 years and that seven children were born to them, five of whom are still minors. Considerable property was accumulated consisting substantially of a residence, farm acreage and equipment, livestock, several automobiles and three beauty parlors operated by plaintiff for a livelihood.

There is considerable dispute in the evidence as to the necessity for defendant to seek work outside the home, however, it is not deemed necessary nor appropriate to set forth the same in detail here. Suffice it to say that there is substantial, believable evidence that during about the last one-third of the marriage defendant neglected her home and family in favor of the pursuit of employment, a master's degree, and a career which has ultimately led her to a responsible and highly remunerative position in the field of nursing. During defendant's many and sustained absences from the home plaintiff maintains that he, of necessity, cut his work to a 4-day, 30-hour week so as to permit him to care for the needs of the children.

■ The trial judge exercised his prerogative to interview the children (including those who had reached majority) which he did on two occasions. Once in the presence of counsel for the parties and the second time alone. This culminated in a finding that all of the children preferred to remain with their father (they had previously been temporarily placed with him by a pre-trial order) rather than be subjected to further absences of the mother from the home.

As to the issue of child custody, both parties rely on and cite substantially the same cases previously decided by this Court, and while those cases do stand for the proposition that *everything being equal* preference should be given to the mother in determining custody,[1] they also say that the *best interests and welfare* of the children is the *controlling* factor.[2]

■ The award of custody to plaintiff with the concomitant obligation to solely provide for the children supports an approximate two-thirds, one-third division of the property and persuades us as being a reasonable and not inequitable solution to a most difficult domestic problem.

It appears that the trial judge neither misunderstood nor misapplied the law and the evidence clearly supports his findings. He is necessarily clothed with great discretion in matters of this kind[3] and we cannot conclude that he erred.

ELLETT, C J., and CROCKETT and MAUGHAN, JJ., concur.

WILKINS, J., concurs in result.

1. *Steiger v. Steiger,* 4 Utah 2d 273, 293 P.2d 418 (1956); *Smith v. Smith,* Utah, 564 P.2d 307 (1977).

2. *Bingham v. Bingham,* Utah, 575 P.2d 703 (1978); *Arends v. Arends,* 30 Utah 2d 328, 517 P.2d 1019 (1974); *Hyde v. Hyde,* 22 Utah 2d 429, 454 P.2d 884 (1969); *Sampsell v. Holt,* 115 Utah 73, 202 P.2d 550 (1949).

3. *Rice v. Rice,* Utah, 564 P.2d 305 (1977).