Ruth Guenther JORGENSEN,
Plaintiff and Appellant,

v.

Ray Lynn JORGENSEN, Defendant
and Respondent.

No. 16193.

Supreme Court of Utah.

Aug. 20, 1979.

Gary L. Gale, Ogden, for plaintiff and appellant.

David E. Bean, Layton, for defendant and respondent.

HALL, Justice:

Plaintiff appeals from a decree of divorce and child custody award.

Plaintiff married defendant of August 17, 1972, in Salt Lake City, Utah. During the ensuing five years, the parties lived together as husband and wife, acquired property and incurred various marital obligations. Two children were born to the couple during this time: Brad Ray Jorgensen (hereafter "Brad"), and Stacy Lynn Jorgensen (hereafter "Stacy"). The parties also accumulated funds in a joint bank account.

Plaintiff filed for divorce on June 21, 1978, alleging neglect and mental cruelty. Defendant answered and counterclaimed for divorce on similar grounds, asserting instances of marital infidelity.

At the inception of the divorce proceedings, defendant had withdrawn funds from

the joint bank account, allegedly to pay off certain marital obligations. Plaintiff challenged this action, and demanded that she be paid one-half the amount in the account as of the time the action for divorce first arose. The court prohibited further withdrawals from the account, and preserved the balance therein remaining, which amounted to approximately $650. Defendant had, in the meantime, resolved to purchase a house notwithstanding the divorce, for which purpose he borrowed some $6,000 from his parents.

Upon hearing the evidence, the trial court granted a decree of divorce to defendant. Custody of Stacy was awarded to plaintiff. Defendant was given custody of the older child, Brad. Alimony was denied, but defendant was ordered to pay child support for Stacy in the amount of $100 per month. The court further ruled that the funds in the joint bank account had been used by defendant to discharge obligations incurred by the couple during the marriage, and ordered an equal division only of the balance remaining in the account.

On appeal, plaintiff asks that the child custody decision be reversed, giving her custody of both Stacy and Brad. She also reiterates her request that a sum be paid over to her equal to one-half the amount placed in the joint bank account prior to the inception of the divorce action. For the reasons set forth below, we affirm the rulings of the trial court on both points.

Plaintiff relies on U.C.A., 1953, 30–3–13, which states that: "In any case of separation of husband and wife having minor children, or whenever a marriage is declared void or dissolved the court shall make such order for the future care and custody of the minor children as it may deem just and proper. In determining custody, the court shall consider the best interests of the child and the past conduct and demonstrated morals of each of the parties."[1] While the above section was amended in 1977 to destroy the statutory presumption that the mother is best suited to care for younger children, plaintiff correctly points to the continued vitality of a judicial preference for the mother in child custody matters, all other things being equal.[2]

Plaintiff is mistaken, though, in asserting that this preference entitled her to custody of both children in the present case. Pointing to the fact that the trial court made no finding that she was unfit as a mother, plaintiff asserts that the judicial policy entitles her to custody of the children as a matter of law. In fact, the preference operates to give custody to the mother *all other things being equal.* Since the preference is a creature of judicial policy, however, it must yield to the legislative mandate that the best interests of the child be given primary consideration.[3] Whenever, pursuant to a consideration of such interests, any circumstances in the case preponderate in favor of the husband, all things are not equal.

We should note, also, that the trial court is given particularly broad discretion in the area of child custody incident to separation or divorce proceedings.[4] A determination of the "best interests of the child" frequently turns on numerous factors

---

1. Defendant argues that the quoted provision is inapplicable in the present case, citing *Sampsell v. Holt*, 115 Utah 73, 202 P.2d 550 (1949), and *Johnson v. Johnson*, 7 Utah 2d 263, 323 P.2d 16 (1958) for the proposition that the provision applies only in cases of separation and not divorce. In fact, the cited decisions correctly interpreted an earlier version of the statutes, but predate the 1969 amendment thereof which specifically inserted the phrase "or whenever a marriage is declared void or dissolved." The legislative intent behind this addition was clearly to extend the application of the section to divorces by decree as well as to separations.

2. *Henderson v. Henderson*, Utah, 576 P.2d 1289 (1978); *Smith v. Smith*, Utah, 564 P.2d 307 (1977); *Hyde v. Hyde*, 22 Utah 2d 429, 454 P.2d 884 (1969).

3. *Henderson v. Henderson*, cited supra; *Steiger v. Steiger*, 4 Utah 2d 273, 293 P.2d 418 (1956); *Bingham v. Bingham*, Utah, 575 P.2d 703 (1978); *Hyde v. Hyde*, cited supra.

4. *Rice v. Rice*, Utah, 564 P.2d 305 (1977); *Stuber v. Stuber*, 121 Utah 632, 244 P.2d 650 (1952).

which the trial court is best suited to assess, given its proximity to the parties and the circumstances. Only where trial court action is so flagrantly unjust as to constitute an abuse of discretion should the appellate forum interpose its own judgment.

 The record before us in the present action shows nothing to support a finding of such abuse on the trial court's part. The order granting custody of Brad to defendant rests on an ample evidentiary basis. Testimony at trial bore out the court's finding that plaintiff was at the time of trial, and had been for a period of a year prior thereto, living with and carrying on an extra-marital relationship with another man, that such was the second such relationship to arise in the course of the five-year marriage; that plaintiff's present income was minimal; that the defendant is responsible, has adequate employment, enjoys a particularly close relationship with his son, and is in all respects competent to care for him. Thus, while the court conceded that "both parties could qualify as proper persons to be awarded custody of said minor (Brad Jorgensen), the evidence as a whole preponderates in favor of the defendant for the custody of his minor son." As indicated above, the law requires no more than such a preponderance. While it is true that a child custody award which keeps all the children of the marriage united is generally preferred to one which divides them between the parents, that preference is not binding in the face of considerations dictating a contrary course of action.

 With regard to the joint bank account, it appears from the record that the trial court was well-supported in its decision to regard all expenditures as having been made in satisfaction of marital obligations. Plaintiff presented no evidence of misuse, nor is she able to make any concrete allegation thereof on appeal. Thus, the decision to divide only the remaining balance was proper.

Affirmed. No costs awarded.

MAUGHAN, WILKINS and STEWART, JJ., concur.

CROCKETT, Chief Justice (concurring with comments):

I concur with the main opinion. But due to what I regard as the extreme sensitivity of the problem of the divided custody of the children, I desire to add some comments.

Speaking generally, it is my impression that in such controversies courts resort to an expedient of awarding some children to one spouse and some to the other, or awarding custody for one part of the year to one and the other part of the year to the other. On the basis of my own judicial experience and observation, as well as from reading authorities both in the field of law and sociology, it is my firm conviction that to so use the children as pawns in the strife between contending parties is undesirable, and ultimately productive of more ills than it cures. Consistent with this, our Court has ever and invariably stated its agreement with the quite universally recognized principle that in disputes over custody of children, consideration of their welfare should be given priority over the rights of the disputing parents.[1]

One of the principal factors to be given serious consideration is that there may be, and in most instances there are, greater values to be found in the children being together, and in their relationships with each other, than are to be found in their relationships with their divorced and contentious parents. Moreover, when for some persuasive reason their being together is not practical, it is of the utmost importance that the children have the best possible relationship with each other.

Notwithstanding what has just been said, I recognize that there are special circumstances in this case which, for reasons that may well best serve the interests of these children, the court's decision has advisedly omitted from fuller exposition. In view of those circumstances, I resolve my doubts, on the assumption that the trial judge gave careful consideration to the undesirability

1. See e. g. footnote 3, main opinion.

of separating this little brother and sister, and concluded that because of those special circumstances the welfare of the children and all concerned would best be served by making the decree for separate custody, with liberal visiting rights to be worked out between the parties. I am therefore constrained to concur, indulging the hope that these parties will be aware of the advantages to these children in permitting them to enjoy the greatest possible degree of association with and love for each other, and that they will attempt to subordinate their personal desires, and minimize whatever animosities may exist, in order that they may better contribute to the happiness and welfare of these children.