**Cathy Jean Terry JENSEN, Plaintiff and Appellant,**

v.

**Dale Knight JENSEN, Defendant and Respondent.**

**No. 18312.**

Supreme Court of Utah.

March 10, 1983.

Pete N. Vlahos, Ogden, for plaintiff and appellant.

Burt L. Dart, Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from that portion of a divorce decree awarding custody of the parties' two minor daughters. The elder, Amber (then aged 4½ years), was awarded to the defendant and the younger, Alisha (then aged 3), was awarded to the plaintiff. The award was implemented by reasonable rights of visitation and provided specifically that the defendant would have custody of both children from June 15 to July 15, and the plaintiff would have custody of both children from July 15 to August 15 of each year.

A number of trial settings, hearings and modifications had ensued prior to the final decree subject to this appeal. During this time, one Dr. McVaugh, plaintiff's psychology witness, suggested custody of the girls would be served better by plaintiff. This testimony sharply departed from that of a court-appointed psychologist, one Dr. Clark, whose testimony was antithetical and in favor of an award of custody to the defendant. Dr. McVaugh's testimony was confined to an appraisal of the plaintiff's ability as custodian of the children in that he had made no evaluation as to the defendant. Dr. Clark's report was an evaluation of both.

Believable, admissible evidence reflected a deterioration of the marriage and some compromising sex relations by plaintiff in front of the children. Reports and other testimony indicated that plaintiff unduly neglected and abused the children, leaving them alone and unattended until late hours, and at times addressing them with objectionable language. It was also shown that defendant was slow in paying support money awarded and in returning the children after visits.

The defendant called a district judge as a witness, without objection, who was a lifelong acquaintance of the defendant. The judge testified that defendant appeared to have a great love for the children and would be a fit and proper person to assume their custody. Specifically, the judge recited an incident where the children appeared bruised and in an unacceptable state of cleanliness after a visit with plaintiff.[1]

The sole basis for appeal is a claim that, considering the long-term welfare of the children, the trial court abused its discretion in making an award of both of the children

---

1. Even though no objection had been noted, this testimony became the basis for a post-judgment affidavit of prejudice filed by plaintiff's counsel. In addition, the plaintiff herself addressed a personal letter to the trial judge and his wife plaintively describing the split-custody decision. The above circumstances appear to have been irregular but quite irrelevant for the purpose of this review.

to other than the plaintiff. The problem posed has been met in a legion of courts, including our own. Each case has been decided on the particular facts presented by presumptively discerning, capable and honorable judges.

From the facts and circumstances reflected in the record of this case, we are not constrained to weigh the facts anew so as to declare that the trial court abused its discretion. In a recent split-custody decision,[2] we stated as follows:

> We should note, also, that the trial court is given particularly broad discretion in the area of child custody incident to separation or divorce proceedings. A determination of the "best interests of the child" frequently turns on numerous factors which the trial court is best suited to assess, given its proximity to the parties and the circumstances. Only where trial court action is so flagrantly unjust as to constitute an abuse of discretion should the appellate forum interpose its own judgment.

The judgment is affirmed, without prejudice to any proceeding under the continuing jurisdiction of the trial court.

**2.** *Jorgensen v. Jorgensen,* Utah, 599 P.2d 510, 511–12 (1979).