**April Jeanette NUTTER, Plaintiff and Respondent,**

v.

**David Leslie NUTTER, Defendant and Appellant.**

**No. 19461.**

Supreme Court of Utah.

May 14, 1984.

Thomas W. Seiler, Provo, for defendant and appellant.

Kent M. Kasting, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The parties were married in 1976 and divorced in 1983. During the course of

their marriage, the parties had a boy and girl respectively, aged at time of divorce about 4 and 2½ years. Custody of the children is the sole issue on this appeal.

The plaintiff was awarded temporary custody during pendency of the divorce suit commenced by plaintiff. She was later granted the divorce. Defendant's counterclaim for custody was deferred, however, for an opportunity to evaluate the situation to aid in determining which party should be awarded permanent custody. Defendant was ordered to pay expenses incurred in the evaluation. At the time, defendant made no issue as to the reasonableness of the order. At the regularly scheduled hearing as to custody, however, defendant's counsel said defendant had not obtained the evaluation because he could not afford it.

 On appeal, defendant asserts that the requirement that he pay for the evaluation was "inequitable" to a point of reversibility. He stated that he was employed, with an excellent prospect of providing for the children. Plaintiff was unemployed and going to school and required the regular services of a babysitter. The judge found that either party was a fit and proper person to have custody.

Defendant cites *Jorgensen v. Jorgensen*, Utah, 599 P.2d 510 (1979),[1] to support his contention that under the circumstances he, not she, should have custody "for the best interest and welfare of the children." Defendant neglects to point out that in *Jorgensen* the Court stated as follows:

> We should note, also, that the trial court is given particularly broad discretion in the area of child custody incident to separation or divorce proceedings. A determination of the "best interests of the child" frequently turns on numerous factors which the trial court is best suited to assess, given its proximity to the parties and the circumstances. Only where the trial court action is so flagrantly unjust as to constitute an abuse

of discretion should the appellate forum interpose its own judgment. [Citations omitted.]

The trial judge in this case, in commenting on defendant's belated claim of inability to afford an evaluation to aid in determining the matter of custody, set the tone and basis for his grant of custody to plaintiff when he said:

> If you want my observations based upon the evidence that was before me, I would think that the advantage, welfare and best interests of the children will be served better by awarding her the children than to him, under all of the circumstances.

A finding of fact to such effect duly was entered and incorporated in the final decree.

The defendant's argument that the court's decision was based only on a presumption that a mother better is suited to have custody is not borne out in the record.

The judgment is affirmed. Costs to plaintiff.

---

1. Quoted with approval more recently in *Jensen*    *v. Jensen*, Utah, 660 P.2d 240 (1983).